IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MC TUBULAR PRODUCTS, INC. | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 13 – 81 |
| | § | ADMIRALTY |
| M/V FULL WEALTH, *etc., et al.* | § | |

### *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MC Tubular Products, Inc. files this Original Complaint against Defendants, the M/V FULL WEALTH and M/V UBC LUZON, *in rem*, and Hipway Shipping Ltd. ("Hipway"), Flensburg KG ("Flensburg") and Daebo International Shipping Co., Ltd. ("Daebo"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to maritime cargos and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2.  Plaintiff is a Delaware corporation with its principal place of business in Houston, Texas.

3.  At all times material, Hipway owned, managed and/or operated the M/V FULL WEALTH as a common carrier of goods by water for hire between various ports,

including the Ports of Ho Chi Minh City, Vietnam and Houston.  Hipway is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Hipway is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Hipway may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Hipway has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Hipway is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Hipway with a summons is effective to establish personal jurisdiction over it.  Hipway can be served by serving the Texas Secretary of State.  Process or notice can be sent to Hipway at its home office in care of COSCO (HK) Shipping Co. Ltd., 51st Floor, COSCO Tower, 183, Queen's Road Central, Hong Kong, China.

    4.    At all times material, Flensburg owned, managed and/or operated the M/V UBC LUZON as a common carrier of goods by water for hire between various ports,

including the Ports of Ho Chi Minh City and Houston. Flensburg is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Flensburg is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Flensburg may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Flensburg has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Flensburg is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Flensburg with a summons is effective to establish personal jurisdiction over it. Flensburg can be served by serving the Texas Secretary of State. Process or notice can be sent to Flensburg at its home office in care of c/o Hartmann Schiffahrts GmbH & Co. KG (Hartmann Reederei), Koenigstrasse 23, 26789 Leer (Ostfriesland), Germany.

     5.     At all times material, Daebo chartered, managed and/or operated the M/V FULL WEALTH and M/V UBC LUZON as a common carrier of goods by water for hire

between various ports, including the Ports of Ho Chi Minh City and Houston. Daebo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Daebo is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Daebo may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Daebo has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Daebo is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Daebo with a summons is effective to establish personal jurisdiction over it. Daebo can be served by serving the Texas Secretary of State. Process or notice can be sent to Daebo at its home office located at 7th Floor, Dongwon Building, 128–27, Dangju–Dong, Chongno–ku, Seoul 110–759 Republic of South Korea.

### *First Claim*

6. On or about October 10, 2011, Plaintiff's shipper tendered in good order and condition to Hipway and Daebo at Ho Chi Minh City Port a cargo of ERW Carbon Steel Pipe. Hipway and Daebo agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Hipway and Daebo acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading, including Bill of Lading No. DISQHMHT1901–701, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V FULL WEALTH.

7. Thereafter, on or about January 18, 2012, the M/V FULL WEALTH arrived at Houston where Hipway and Daebo later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed and otherwise physically damaged. The damages and loss proximately resulted from Hipway's and Daebo's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V FULL WEALTH.

8. Plaintiff proximately has sustained damages exceeding $17,305.41 plus interest dating from October 10, 2011, demand for which has been made upon Hipway

and Daebo, but which they refuse to pay.

### *Second Claim*

9.      On or about November 15, 2011, Plaintiff's shipper tendered in good order and condition to Flensburg and Daebo at Ho Chi Minh City Port a cargo of ERW Carbon Steel Pipe.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Flensburg and Daebo acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading, including Bill of Lading No. DISQHMHT1901-011, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V UBC LUZON.

10.     Thereafter, on or about January 24, 2012, the M/V UBC LUZON arrived at Houston where Flensburg and Daebo later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed and otherwise physically damaged.  The damages and loss proximately resulted from Flensburg's and Daebo's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V UBC LUZON.

6

11.     Plaintiff proximately has sustained damages exceeding $48,482.01 plus interest dating from November 15, 2011, demand for which has been made upon Flensburg and Daebo, but which they refuse to pay.

12.     At all times material, Plaintiff owned the cargos and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MC Tubular Products, Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V FULL WEALTH and M/V UBC LUZON, their engines, tackle, apparel, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V FULL WEALTH and M/V UBC LUZON be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V FULL WEALTH and M/V UBC LUZON, *in rem*, and Hipway Shipping Ltd., Flensburg KG and Daebo International Shipping Co., Ltd., *in personam*, jointly and severally, are liable to Plaintiff for its damages and attorney fees as alleged, plus prejudgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

By _____
        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        550 Westcott, Suite 230
        Houston, Texas 77007-5096
        Telephone:   (713) 864–2221
        Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS   FOR   PLAINTIFF